NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EULA CLARK, SUBSTITUTED FOR JOHNNIE H. CLARK,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1594

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-2150, Judge Joseph L. Falvey, Jr.

---

Decided:  July 16, 2026

---

J. BRYAN JONES, III, J B Jones III LLC, Lafayette, LA, argued for claimant-appellant.

CATHERINE M. YANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before CHEN, HUGHES, and CUNNINGHAM, *Circuit Judges*.

CHEN, *Circuit Judge*.

Ms. Eula Clark, widow of Navy veteran Mr. Johnnie H. Clark, appeals a decision from the United States Court of Appeals for Veterans Claims (Veterans Court) affirming a Board of Veterans' Appeals (Board) denial of an earlier effective date for residuals of a head injury. *Clark v. Collins*, No. 24-2150, 2025 WL 448797, at *1 (Vet. App. Feb. 10, 2025) (*Decision*). Because the Veterans Court's decision was an application of law to fact, we must *dismiss*.

## BACKGROUND

In April 2007, Mr. Clark filed for a pension and service connection compensation for several conditions, including residuals of a head injury. *Id.* A Department of Veterans Affairs (VA) regional office denied the pension claim in a letter, noting Mr. Clark's income exceeded the maximum annual disability pension limit. *Id.* The letter included a ratings decision which further denied each of Mr. Clark's service connection compensation claims for lack of service connection. *Id.*

In January 2008, Mr. Clark sent a response to the VA noting that its decision letter "denied [him] of [his disability] claim for pension benefits." J.A. 87. He further stated that he wanted "to appeal to the Board for a review of [his] claim for pension benefits." *Id.* He indicated that he had "many other health related problems . . . that happened while enlisted in the Navy." *Id.* The VA construed this letter as a notice of disagreement (NOD) for his pension claim. *See Decision*, 2025 WL 448797, at *1. Mr. Clark failed to perfect the appeal, and each of the VA's denials became final.

In December 2017, Mr. Clark, through counsel, filed a new claim for service connection for a head injury. *Id.* The Board eventually granted the head injury claim with an effective date of December 11, 2017. *Id.* Mr. Clark appealed, seeking an earlier effective date based on his January 2008 letter.

The Board determined that the January 2008 letter sent by Mr. Clark was solely an NOD for denial of his pension claim. Thus, when Mr. Clark failed to file an NOD for the VA's denial of service connection compensation for his head injury claim, the decision became final. The Board concluded that because his December 2017 application reopened his service connection claim for head injury, the earliest date to which Mr. Clark was entitled was in 2017. The Veterans Court affirmed, finding that the Board, in evaluating Mr. Clark's NOD, had properly applied the requirements of 38 C.F.R. § 20.201 (2008) under either a de novo or clear error standard. *Id.* at *1–2. Mr. Clark appealed.

While this appeal was pending, Mr. Clark passed away and was substituted for his widow, Ms. Clark. *See* ECF No. 30.

## DISCUSSION

This court's jurisdiction to review decisions by the Veterans Court is limited by statute. *Sickels v. Shinseki*, 643 F.3d 1362, 1365 (Fed. Cir. 2011). "Absent a constitutional issue, this court may not review the Veterans Court's factual findings or its application of law to facts." *Cash v. Collins*, 166 F.4th 1046, 1050 (Fed. Cir. 2026) (citation omitted); *see* 38 U.S.C. § 7292(d)(2).

On appeal, Ms. Clark contends that, when viewed under 38 C.F.R. § 20.201, the January 2008 letter demonstrated disagreement with the Board's denial of service connection claims, and thus the Veterans Court's decision was in error. Appellant Br. 6–9, 11. We decline to address

this argument as it relates to an application of law to fact, beyond this court's jurisdiction. *See Davis v. Collins*, 176 F.4th 663, 668–69 (Fed. Cir. 2026) (dismissing an appeal asking this court to review the contents of an NOD).

Ms. Clark asserts that this court has jurisdiction to review the Veterans Court decision because "the issue involves whether or not the January 2008 letter served as an adequate NOD under the legacy system." Appellant Br. 4–5. However, we recently held in *Davis v. Collins* that the "Veterans Court's interpretation [of the contents of an NOD] is beyond our purview." 176 F.4th at 669. We have also previously stated that "the interpretation of the contents of a claim for benefits [is] a factual issue over which we [do] not have jurisdiction." *Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2008) (citing *Bonner v. Nicholson,* 497 F.3d 1323, 1328 (Fed. Cir. 2007)). Ms. Clark offers no reason to separate this appeal from arguments we rejected in *Davis*, *Ellington*, and *Bonner*.

We have reviewed the remainder of Ms. Clark's arguments and find them unpersuasive. Because we lack jurisdiction over Ms. Clark's claims, we dismiss.

## DISMISSED

### COSTS

No costs.